NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TSVETAN S. TORBOV, | No. 18-15382 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-00130-BLF |
| v. | |
| CENLAR FSB; NATIONSTAR MORTGAGE LLC, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted November 27, 2018[**]

Before: CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Tsvetan S. Torbov appeals pro se from the jury verdict in his diversity action related to his home mortgage loan. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's evidentiary rulings. *Duran v. City of Maywood*, 221 F.3d 1127, 1130 (9th Cir. 2000). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not abuse its discretion by excluding documents related to out-of-state proceedings against a non-party foreclosure agent because the "probative value is substantially outweighed by danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ." Fed. R. Evid. 403.

The district court did not abuse its discretion by excluding evidence of Torbov's employment and medical-related damages because they were not relevant to Torbov's contractual claims. *See Plut v. Fireman's Fund Ins. Co.*, 102 Cal. Rptr. 2d 36, 43 (Ct. App. 2000) ("Contract damages are generally limited to those within the contemplation of the parties when the contract was entered into." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by admitting evidence of Torbov's loan payment history before March 2013 because it was relevant to the question of whether Torbov had fulfilled his contractual obligations. *See* Fed. R. Evid. 401 (defining relevant evidence).

We reject as without merit Torbov's contentions that the jury verdict form was confusing, and that the district court erroneously declined to respond to the jury's questions during deliberation.

**AFFIRMED.**

18-15382